## LEWIS PRICE v. STATE.

No. A-1907.　Opinion Filed September 14, 1914.

(142 Pac. 1096.)

APPEAL—Homicide—Affirmance. In a prosecution for murder, the evidence is held to support a verdict convicting the defendant of the crime of murder and assessing his punishment at imprisonment in the penitentiary for life at hard labor, and that no reversible error was committed on the trial.

(Syllabus by the Court.)

*Appeal from District Court, Creek County;*
*Wade S. Stanfield, Judge.*

Lewis Price was convicted of murder, and appeals. Affirmed.

*J. L. Byrne,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J. The plaintiff in error, Lewis Price, and one Frank Hawkins were jointly informed against for the murder of Will Crockett in Creek county, on or about the 6th day of April, 1912. A severance was granted. Frank Hawkins was tried first and convicted, and his punishment assessed at death. Upon plaintiff in error's trial he was found guilty of murder by the verdict of the jury. and his punishment assessed at imprisonment in the penitentiary for life at hard labor. On the 29th day of October, 1912, the court pronounced judgment and sentence in accordance with the verdict. To reverse the judgment an appeal was perfected by filing in this court on February 8, 1913, a petition in error with case-made.

This is. a companion case to that of *Hawkins v. State, ante,* 142 Pac. 1093, opinion this day delivered, and the statement of facts contained in the opinion in the Hawkins case sufficiently states the facts of this case. No question requiring discussion is presented in the record. The information is a good one, the charge of the court is fair, full, and correct, and more favorable to the defendant in some particulars than the evidence required. There can be no doubt as to the sufficiency of the evidence to warrant the verdict of the jury.

After a very careful examination of the record, we have failed to discover anything whereof the plaintiff in error has just right to complain. There being no reversible error in the record. the judgment is affirmed.

ARMSTRONG, P. J., and FURMAN, J., concur.